UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEREMY SKEEN,

Plaintiff,

-against-

THE CITY OF TROY,
DETECTIVE SERGEANT THOMAS J. FEELEY,
DETECTIVE JOSHUA M. COMITALE,
TROY PATROLMAN MICHAEL GORDON, and
TROY POLICE SERGEANT PETER MONTANINO,

Defendants.

---

**CITY DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND THE JUDGMENT AND IN SUPPORT OF THE CITY DEFENDANTS' CROSS-MOTION TO CONFORM THE WRITTEN JUDGMENT TO THE DECISION THE COURT ACTUALLY MADE**

**Civil Action No.: 1:23-cv-220
(LEK/PJE)**

---

Submitted by:

Rhiannon I. Gifford, Esq.
**PATTISON, SAMPSON, GINSBERG & GRIFFIN, PLLC**
*Attorneys for Defendants City of Troy, Thomas J. Feeley,
Joshua M. Comitale, Michael Gordon and Peter Montanino*
Bar Roll No. 701043
22 First Street
Troy, New York 12181-0208
gifford@psgglaw.com
(518) 266-1001

# **TABLE OF CONTENTS**

_Toc237277781TABLE OF AUTHORITIES ................................................................................ iii

PRELIMINARY STATEMENT ....................................................................................... 1

ARGUMENT .................................................................................................................... 1

POINT I ........................................................................................................................ 1

THE CITY DEFENDANTS' CROSS-MOTION TO ALTER OR AMEND THE JUDGMENT
MUST BE GRANTED IN ORDER TO REFLECT THE ACTUAL INTENT OF THE COURT

    A.   Standard for a Rule 60(a) Motion ............................................................... 1

    B.   The Court Granted the Substantive Relief of Dismissing the Complaint with
Prejudice ..................................................................................................... 2

POINT II ....................................................................................................................... 2

PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR TO ALTER OR AMEND
THE JUDGMENT MUST BE DENIED

    A.   Standard of a Motion for Reconsideration ................................................. 2

    B.   The Qualified-Immunity Ruling is Based Upon the Record and Plaintiff's Motion is
an Improper Attempt to Relitigate Matters ................................................ 4

    C.   Plaintiff is Simply Attempting to Relitigate the Clearly Established Prong for
Qualified Immunity .................................................................................... 7

    D.   Plaintiff's Third Point is an Improper Attempt to Relitigate his Monell Claims and
His Arguments Must be Rejected by the Court .......................................... 9

    E.   Probable Cause Existed to Arrest and Prosecute the Plaintiff .................. 11

    F.   Plaintiff's Fifth Point is Moot. ................................................................. 12

CONCLUSION ............................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**

Amnesty Am. v. Town of W. Hartford,
  361 F.3d 113 (2d Cir. 2004) ...................................................................................... 11

Ashcroft v. al-Kidd,
  563 U.S. 731 (2011)..................................................................................................... 8

Bellamy v. City of New York,
  914 F.3d 727 (2d Cir. 2019) ..................................................................................... 7, 8

Brady v. Maryland,
  373 U.S. 83 (1963)................................................................................................. 4, 5, 8

Brown v. City of New York,
  862 F.3d 182 (2d Cir. 2017) ........................................................................................ 7

Caldwell v. Pesce,
  83 F. Supp.3d 472 (E.D.N.Y. 2015) ............................................................................ 3

City of Oklahoma City v. Tuttle,
  471 U.S. 808 (1985).................................................................................................... 10

Clifford v. Preferred Mut. Ins. Co.,
  2017 U.S. Dist. LEXIS 35860 (N.D.N.Y. 2017) ..................................................... 2, 4

Connick v. Thompson,
  563 U.S. 51 (2011)...................................................................................................... 11

D.C. v. Wesby,
  583 U.S. 48 (2018)...................................................................................................... 8, 9

Galloway v. Cnty. of Nassau,
  141 F.4th 417 (2d Cir. 2025) ..................................................................................... 7, 8

Green v. City of New York,
  465 F.3d 65 (2d Cir. 2006) ........................................................................................ 11

Hodge ex rel. Skiff v. Hodge,
  269 F.3d 155 (2d Cir. 2001) ........................................................................................ 1

Horn v. Stephenson,
  11 F.4th 163 (2d Cir. 2021) ....................................................................................... 7, 9

House v. Sec'y of Health and Human Servs.,
  688 F.2d 7 (2d Cir. 1982) ............................................................................................ 3

Leka v. Portuondo,
  257 F.3d 89 (2d Cir. 2001) ................................................................................. 6

Monell v. Dep't of Soc. Servs. of City of New York,
  436 U.S. 658 (1978) ............................................................................... 9, 10, 12

Mullenix v. Luna,
  577 U.S. 7 (2015) ......................................................................................... 8, 9

Nemaizer v. Baker,
  793 F.2d 58 (2d Cir. 1986) ................................................................................ 3

Newson v. City of New York,
  No. 16CV6773ILGJO, 2019 WL 3997466 (E.D.N.Y. Aug. 23, 2019) ...................................... 6

Oxford House, Inc. v. City of Albany,
  155 F.R.D. 409 (N.D.N.Y. 1994) ........................................................................ 3

Paddington Partners v. Bouchard,
  34 F.3d 1132 (2d Cir. 1994) ............................................................................. 2

Reichle v. Howards,
  566 U.S. 658 (2012) ...................................................................................... 7

Schulz v. United States,
  244 F. Supp. 3d 307 (N.D.N.Y. 2017) ..................................................................... 2

Shannon v. Verizon N.Y., Inc.,
  519 F. Supp. 2d 304 (N.D.N.Y. 2007) ..................................................................... 2

Shrader v. CSX Transp., Inc.,
  70 F.3d 255 (2d Cir. 1995) ............................................................................... 3

Sloley v. VanBramer,
  945 F.3d 30 (2d Cir. 2019) ............................................................................... 7

Stewart Park & Preserve Coalition Inc. v. Slater,
  374 F. Supp. 2d 243 (N.D.N.Y. 2005) ..................................................................... 3

Van Buskirk v. United Grp. Of Cos.,
  935 F.3d 49 (2d Cir. 2019) ............................................................................ 3, 7

Vippolis v. Village of Haverstraw,
  768 F.2d 40 (2d Cir. 1985) .............................................................................. 10

Walker v. City of New York,
  974 F.2d 293 (2d Cir. 1992) ......................................................................... 6, 7, 8

iv

White v. Pauly,
  580 U.S. 73 (2017)..................................................................................................... 7

**Statutes**

42 U.S.C. § 1983............................................................................................................. 8

**Rules**

Fed. R. Civ. P. 56........................................................................................................... 6

Fed. R. Civ. P. 59(e) .................................................................................................. 1, 3

Fed. R. Civ. P. 60(a) ............................................................................................... 1, 13

Fed. R. Civ. P. 60(b) ................................................................................................. 1, 3

## PRELIMINARY STATEMENT

The remaining Defendants, the City of Troy (the "City"), Detective Sergeant Thomas J. Feeley ("Feeley"), Detective Joshua M. Comitale ("Comitale"), Troy Police Officer Michael Gordon ("Gordon"), and Troy Police Sergeant Peter Montanino ("Montanino") (collectively referred to as the "City Defendants") submit this memorandum of law in opposition to Plaintiff Skeen's motion pursuant to Fed. R. Civ. P. 59(e) for reconsideration and pursuant to Rule 60(b) to alter or amend the judgment and also submit the same in support of their cross-motion to conform the judgment to the written decision that the Court made pursuant to Rule 60(a) and/or Rule 60(b).

The City Defendants' cross-motion to alter or amend the judgment is made to correct the clerical error in which the Court granted the substantive relief of dismissing the Amended Complaint with prejudice but, in the conclusion stated that the dismissal was without prejudice. (E.C.F. Doc. No. 109, the "Decision and Order").

In contrast, Plaintiff Skeen's instant motion must be denied because the arguments made in the moving memorandum of law (E.C.F. Doc. No. 111-2) are an attempt to relitigate settled matters, raise new claims that ought to have been made during the summary judgment stage, are more akin to an appeal and fail to satisfy the requisite standard to grant the relief requested therein.

## ARGUMENT
## POINT I

## THE CITY DEFENDANTS' CROSS-MOTION TO ALTER OR AMEND THE JUDGMENT MUST BE GRANTED IN ORDER TO REFLECT THE ACTUAL INTENT OF THE COURT

*A. Standard for a Rule 60(a) Motion*

"A motion under Rule 60(a) is available only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made." Hodge ex rel. Skiff v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001) (citations and quotation marks omitted). "To be correctable

1

under Rule 60(a), the [alleged error] must fail to reflect the actual intention of the court." Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994) (citations omitted).

### B. The Court Granted the Substantive Relief of Dismissing the Complaint with Prejudice

The Court issued a well-reasoned Decision and Order dismissing the Amended Complaint at the summary judgment stage on the merits based upon the determinations that there was no question of fact for a jury to resolve and that the officers were entitled to qualified immunity on Plaintiff's *Brady* violation claim.

The legal effect of the Decision and Order was a dismissal with prejudice however, it is respectfully submitted that the Court mistakenly inserted in the conclusion that the Amended Complaint was "DISMISSED without prejudice." (Decision and Order at p. 25). This error was then reflected in the Judgment. (Dkt. No. 110).

As such, the City Defendants respectfully request that the Court correct the clerical error and dismiss the Amended Complaint with prejudice in conformance with the substance of the relief granted in the Decision and Order.

## POINT II

## PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR TO ALTER OR AMEND THE JUDGMENT MUST BE DENIED

### A. Standard of a Motion for Reconsideration

"In general, a motion for reconsideration may only be granted upon one of three grounds: '(1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice.'" Schulz v. United States, 244 F. Supp. 3d 307, 314 (N.D.N.Y. 2017) *quoting* Shannon v. Verizon N.Y., Inc., 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007); *see also*, Clifford v. Preferred Mut. Ins. Co., 2017 U.S. Dist. LEXIS 35860, at *3 (N.D.N.Y. 2017).

"With regard to the third ground, that there is a clear error of law or to prevent manifest injustice, litigants are forewarned that 'any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" Stewart Park & Preserve Coalition Inc. v. Slater, 374 F. Supp. 2d 243, 253 (N.D.N.Y. 2005) *quoting* Oxford House, Inc. v. City of Albany, 155 F.R.D. 409, 410 (N.D.N.Y. 1994) (citation omitted).

"A motion for reconsideration [pursuant to Rule 59(e)] is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority. 'The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Van Buskirk v. United Grp. Of Cos., 935 F.3d 49, 54 (2d Cir. 2019) *quoting* Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

"Rule 60(b) of the Federal Rules of Civil Procedure also permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances." Caldwell v. Pesce, 83 F. Supp.3d 472, 486 (E.D.N.Y. 2015) *citing* Fed. R. Civ. P. 60(b) and House v. Sec'y of Health and Human Servs., 688 F.2d 7, 9 (2d Cir. 1982). "The Second Circuit has instructed that Rule 60(b) is 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" Caldwell, 83 F. Supp. 3d at 486 *quoting* Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

It is respectfully submitted that Plaintiff's motion does not satisfy the strict standards for a motion for reconsideration under Rules 59 or 60 and that he is not entitled to the extraordinary

3

relief requested. As will be established herein, "[q]uite simply, Plaintiff disagrees with the Court's reasoning and is seeking a second bit[e] of the apple, which is an improper use of a motion for reconsideration." Clifford, 2017 U.S. Dist. LEXI 35860, at *5. As such, Plaintiff's motion for reconsideration must be denied.

### B. The Qualified-Immunity Ruling is Based Upon the Record and Plaintiff's Motion is an Improper Attempt to Relitigate Matters

Plaintiff's qualified immunity argument raised in Point I(A) is an improper attempt to relitigate a settled matter.

Plaintiff incorrectly claims that the Court erred in granting the City Defendants qualified immunity on the *Brady*[1] violation claim because the Court assumed or improperly believed, in contravention of the record evidence, that the police disclosed the constitutional character of the evidence to the prosecution. (Dkt. No. 111-2, pp. 5—6). In other words, the Plaintiff insists that since the Court referred to the Ms. Michel's Interview disc as the "impeachment video" toward the tail end of its qualified immunity analysis, the Court improperly assumed that the record showed "notice that the recording contained favorable or impeaching evidence." (Id.).

The Court's Decision and Order clearly establishes that it considered Plaintiff's instant argument and never misunderstood or believed that the police disclosed the nature of Ms. Michel's statements.

First, the Court established its understanding of the nature of the evidence and Plaintiff's arguments in the statement of facts when the Court cited to the form document that was emailed to the prosecution on March 4, 2020. The Court explained:

> The Form references a recorded interview with Ms. Michel. *See* Feeley Follow Up at 2. However, Plaintiff argues, with supporting testimony from ADA McDermott (now Botts), that the District Attorney's Office did not receive the Michel interview at that time, or even at the point that the DA had declared trial readiness. Pl. SMF

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

¶¶ 115–20. Defendants dispute this. *See* Dkt. No. 103-1 ¶¶ 115–20 ("Def. Resp. to Pl. SMF").

*See*, Decision and Order at p. 5.

Next, it did so again in the portion of the Decision and Order where the Court conducted its *Brady* analysis:

> Plaintiff argues that the Michel interview "was not possessed by the ADA (and not produced to defense counsel) before the first grand jury—and that the lead detectives did not tell the ADA it existed even as the People announced readiness for trial." Pl. Resp. at 18–19. Defendants counter that "the ADA undeniably received the investigative report dated March 4, 2020 . . . which explicitly informed her of the existence of Ms. Michel's interview." Def. Resp. at 10. As Defendants explain, "The fact that the ADA failed to review the evidence and to request a copy of the video evidence she claimed that she did not have, is not akin to withholding evidence." Def. Resp. at 10. The email referred to by Defendants states, "[Investigating Officer] and Det Comitale also spoke with Michel who gave her version of events. (see recorded interview)." Feeley Follow Up at 2. **The "see recorded interview" line put prosecutors on notice of the existence of a recorded interview**, which, if they did not have access to it at that moment, they might reasonably expect to gain access, since the police were instructing them to view it. Nonetheless, Defendants do not claim to have provided the recording to the ADA. *See e.g.,* Def. Resp. to Pl. SMF ¶117.

Decision and Order at pp. 13—14 (emphasis added).

The Court did not refer to the Michel Interview as the impeachment video until after it conducted its *Brady* analysis and held that the same did constitute impeachment evidence. *See* Decision and Order at p. 16 ("The first and third *Brady* elements are met in this case. It is not disputed that the video was impeachment evidence, *see* Def. Resp. to Pl. SMF ¶ 124, thus satisfying the first element.").

The reference to the interview as the "impeachment video" is clearly based upon its characterization of the video after its *Brady* analysis and not because the Court erroneously believed that the contents of Ms. Michel's statements were disclosed as Plaintiff contends.

Plaintiff's remaining contention in the subpoints therein are therefore moot because they rely upon the incorrect argument defeated *supra*.

5

To the extent the Court considers the merits of Plaintiff's arguments, contrary to his assertion, *Leka* does not dictate that the Court erred when it granted qualified immunity to the Defendants on the instant claim. Leka v. Portuondo, 257 F.3d 89, 104 (2d Cir. 2001). The issue the Plaintiff attempts to create through reliance on *Leka* was explicitly considered in the Court's Decision in Order when it relied upon *Newson* and *Walker* to acknowledge the central holding that "the prosecutors' obligation in turn to deliver the evidence to the defense was not triggered in this case, because the police may have failed to 'turn [impeachment] evidence over to the prosecutors.'" (Decision and Order at p. 17); Newson v. City of New York, No. 16CV6773ILGJO, 2019 WL 3997466, at *9 (E.D.N.Y. Aug. 23, 2019) *quoting* Walker v. City of New York, 974 F.2d 293, 299 (2d Cir. 1992).

Critically, what defeats Plaintiff's argument is that the Court's analysis did not end there.

This Court then continued and held: "However, qualified immunity defeats Plaintiff's claim. Plaintiff has not provided the Court with *any* cases showing liability where the police notify the prosecution of evidence but do not deliver it to the prosecution, let alone a sufficient body of law that would make liability 'clearly established law.' *See* Pl. Resp. at 18–20."

The Courd did not violate Fed. R. Civ. P. 56 by acknowledging that the Defendants' directive to the prosecutor to "see recorded interview" put the prosecution on notice of its existence of the video because the finding of qualified immunity turned on the lack of relevant case showing liability where the *police* notify the prosecution of evidence but do not deliver it as the Court expressly detailed in its analysis.

It is respectfully submitted that the Plaintiff's Point must be rejected because it is an improper to relitigate matters and is meritless.

6

   C. *Plaintiff is Simply Attempting to Relitigate the Clearly Established Prong for Qualified Immunity*

Plaintiff's second point fails to satisfy the strict standard of a motion for reconsideration and must be rejected. The entire premise of Plaintiff's second point is that the Court's analysis on whether the law was clearly established was wrong because he claims that the contours of the law were beyond debate before March 2020. (Dkt. No. 111-2, p. 8).

Once again, Plaintiff does not attempt to satisfy his burden for relief on a motion for reconsideration. He simply claims that the Court was wrong to grant qualified immunity because *Walker, Bellamy,* and *Galloway* "supplied clear notice" of the requisite constitutional standard and the Court's analysis on the level of inquiry of the law was too narrow. (Id. at Points II(A) and (B), pp. 8—10), *see*, Walker v. City of New York, 974 F.2d 293 (2d Cir. 1992); Bellamy v. City of New York, 914 F.3d 727 (2d Cir. 2019); Galloway v. Cnty. of Nassau, 141 F.4th 417 (2d Cir. 2025). For this reason alone, Plaintiff's motion for reconsideration must be denied. *See*, Van Buskirk, 935 F.3d at 54.

To the extent that the Court considers the merits of Plaintiff's second point, it is clear, as this Court held, that *Walker, Bellamy* and *Galloway* did not supply the requisite notice required to satisfy the clearly established prong of the qualified immunity analysis.

"To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." Brown v. City of New York, 862 F.3d 182, 190 (2d Cir. 2017) *quoting* Reichle v. Howards, 566 U.S. 658 (2012). "Because '[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply' in a particular factual situation, 'clearly established law must be particularized to the facts of the case.'" Horn v. Stephenson, 11 F.4th 163, 169 (2d Cir. 2021) *quoting* Sloley v. VanBramer, 945 F.3d 30, 40 (2d Cir. 2019); White v. Pauly, 580 U.S. 73, 79 (2017).

7

As the Supreme Court has explained,

> To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority. It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.

D.C. v. Wesby, 583 U.S. 48, 63 (2018) (cleaned up). Courts are "not to define clearly established law at a high level of generality." Mullenix v. Luna, 577 U.S. 7, 12 (2015) *quoting* Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011).

As relevant to this case, *Walker* acknowledged the general principle that the police satisfy their obligations under *Brady* when they turn exculpatory evidence over to the prosecutors. Walker, 974 F.2d at 299.

The issue in this case is clearly more nuanced than the general principle announced in *Walker.* As this Court held in the Decision and Order granting summary judgment, the issue is that there are *no* cases showing liability where the police notify the prosecution of evidence but do not deliver it to the prosecution, let alone a sufficient body of law that would make liability "clearly established law." *See*, Decision and Order at p. 17.

The relevant holding in *Bellamy* that the Plaintiff attempts to rely upon relates to the general principle that police officers **may** be held liable under 42 U.S.C. § 1983 for violating disclosure requirements. Bellamy, 914 F.3d at 751. This general proposition does not define the contours of the constitutional requirements so as to be clearly established. *See*, Wesby, 583 U.S. at 63.

Furthermore, *Galloway* held: "[b]y 2008, it was clearly established that police officers violate the due process right to a fair trial if they rig witness identifications, coerce a witness to sign a fabricated inculpatory statement, or ensure that the state withholds evidence of the same from the defense." Galloway, 141 F.4th at 423. The facts in *Galloway* are not related in any manner

8

whatsoever to the facts herein and failed to satisfy the requisite particularity to support a finding that the law was clearly established. Horn, 11 F.4th at 169.

It is not enough for the Plaintiff to cite to three generalized principles that provide no guidance because "[i]t is not enough that the rule is suggested by then-existing precedent." Wesby, 583 U.S. at 63. The Second Circuit has repeatedly cautioned lower courts "not to define clearly established law at a high level of generality" which is what the Plaintiff improperly argues that this Court ought to do now. Mullenix, 577 U.S. at 12.

Lastly, not only did the Court consider the importance and nature of the video evidence in issuing its Decision and Order, the Plaintiff had the opportunity to further develop and raise the arguments he makes in Point II(C) at the time the summary judgment motions were made, but he failed to do so to his own detriment.

It is respectfully submitted that the Plaintiff's instant motion fails to satisfy the strict requirements of a motion for reconsideration and lacks in merit as such, the Court ought to deny the requested relief.

### D. *Plaintiff's Third Point is an Improper Attempt to Relitigate his Monell Claims and His Arguments Must be Rejected by the Court*

The arguments contained in Point III of Plaintiff's instant motion can only be characterized as an improper attempt to relitigate his *Monell* claims. (Dkt. No. 111-2, pp. 11—14); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).

Plaintiff claims that the Court misconstrued his *Monell* theory of liability and that the constitutional defect he intended to allege was that the Troy Police Department did not adequately maintain or train its officers on a reliable system to transfer the working copies of the video evidence—not that the City maintained such a practice in the first place. (Id. at p. 11).

9

Contrary to Plaintiff's assertions, the Court considered the precise theory he claims it misapprehended when it granted the City Defendants' motion for summary judgment. Specifically, the Court summarized Plaintiff's theory in the Decision and Order as follows:

> Defendant City "typically make[s] working copies [of evidence] that both the detectives and/or the DA's office will work with while the originals remain in evidence." Dkt. No. 102-2 at 141–42 ("Keeler Dep."). There is no policy regarding this practice, nor any training regarding it. *Id.* at 142. Plaintiff suggests that these facts show that the Troy Police Department's "police evidence-handling practices . . . lack reliable procedures and predictably result in material exculpatory or impeachment evidence not being timely transmitted to prosecutors," and that Troy has admitted its policy "governing how critical evidence is transmitted from police to prosecutors lacks evidentiary and constitutional safeguards." Pl. Resp. at 28–29. Plaintiff goes so far as to say, without adequate citation, that it is the "admitted policy of the City of Troy" that it is prosecutor's obligation, rather than the police's, "to discover missing, logged evidence." *See id.* at 30–31 (claiming that this must be the case, because the City noted that the prosecution could have asked for the video).

Decision and Order at pp. 22—23.

Next, Plaintiff's insistence in Point III(C) that the Court misapprehended his theory of liability on his *Monell* claim that the City failed to adequately train its officers on how to identify, copy, document, transmit, and verify receipt of recorded favorable evidence is another attempt to reargue a point that the Court thoroughly considered and rejected. (Dkt. No. 111-2, at p. 13).

Indeed, Plaintiff does not attempt to cite to any fact or controlling law that the Court overlooked. Instead, he simply recites why he believes his argument should have prevailed. In the absence of such an argument, the Court simply cannot grant the extraordinary relief that Plaintiff's seeks.

It must be reiterated that "the plaintiff must establish a causal connection—an 'affirmative link'—between the policy and the deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) *quoting* City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985). To survive summary judgment, there must be "a specific deficiency in the city's training program and . . . that deficiency [must be] closely related to the ultimate injury, such

10

that it actually caused the constitutional deprivation." Green v. City of New York, 465 F.3d 65, 81

(2d Cir. 2006) *quoting* Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 129 (2d Cir. 2004).

Indeed, as the Supreme Court has recognized, "[a] municipality's culpability for a deprivation of

rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 563

U.S. 51, 61 (2011).

It was the Plaintiff's burden to put forth a specific deficiency in the City of Troy's alleged

training at the summary judgment stage. Instead, Plaintiff misrepresented the Defendant City of

Troy's testimony and failed to satisfy his burden. (Decision and Order at p. 24). His arguments to

the contrary are unavailing and are improper at the motion to reconsider stage.

### E.  Probable Cause Existed to Arrest and Prosecute the Plaintiff

Plaintiff's fourth point is a text-book attempt to relitigate a matter that was already decided

by the Court and is simply him expressing his disagreement with the Decision and Order. Plaintiff

points to no error of fact or misapplication of law in his fourth point. Indeed, Plaintiff explicitly

stated:

> Plaintiff recognizes that officers faced conflicting accounts. The reconsideration
> point is therefore limited: the Court should not have treated the failure of
> inconclusive video to corroborate self-defense as affirmative support for probable
> cause, nor characterized a justification claim corroborated by an open knife and
> contemporaneous statements as merely unverified. At minimum, those disputes
> precluded summary judgment on the rationale the Court adopted.

(Dkt. No. 111-2, at p. 15).

By recognizing that the officers were confronted with conflicting accounts, Plaintiff

concedes that his claim of justification did not vitiate probable cause. As the Court held in the

Decision and Order, while [t]he video does not disprove that Plaintiff was acting in self-defense[,]

it failed to support the self-defense justification. . ." (Decision and Order at p. 10). The fact that

11

the self-defense justification was not conclusively supported, renders it "unverified" and did not vitiate probable cause to arrest.

Similarly, Plaintiff's subpoint b of his fourth point suffers from the same defect. Plaintiff is simply expressing his disagreement with the Court's rationale for granting summary judgment on his malicious prosecution claim.

Contrary to Plaintiff's arguments, the relevant facts that supported probable cause to arrest remained unchanged when the prosecution was initiated. Indeed, Ms. Michel's interview statements did not establish that Mr. Skeen was justified in his use of self-defense, nor does Plaintiff claim otherwise.

As such, Plaintiff's motion for reconsideration on this point must be denied.

### F.   Plaintiff's Fifth Point is Moot.

Being that the instant motion must be denied for failure to satisfy the stringent standard on a motion for reconsideration, the relief requested in Plaintiff's fifth point must be denied because there is no underlying constitutional violation for *Monell* liability to attach to on the failure to train regarding domestic violence, failure to train regarding justification, and failure to supervise regarding domestic violence assertions.

## CONCLUSION

Based upon the above, the City Defendants respectfully request that the Court grant their cross-motion pursuant to Rule 60(a) and deny Plaintiff's motion for reconsideration because the Plaintiff has not presented the Court with any evidence that the Court overlooked, nor has he demonstrated that the Court erred as a matter of law, together with such further relief as to the Court deems just and proper.

Date: August 10, 2026.

_____
Rhiannon I. Gifford, Esq.
**PATTISON, SAMPSON, GINSBERG & GRIFFIN, PLLC**
*Attorneys for City Defendants*
22 First Street
Troy, New York 12181-0208
(518) 266-1001
gifford@psgglaw.com

13